**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **TUYO HOLDINGS, LLC,** | § | |
| **PLAINTIFF** | § | |
| | § | |
| **V.** | § | |
| | § | **CIVIL ACTION NO.: 24-850** |
| **EQUITABLE FINANCIAL LIFE** | § | |
| **INSURANCE COMPANY** | § | |
| **DEFENDANT** | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**
**AND REQUEST FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, TUYO HOLDINGS, LLC, Plaintiff, and files this First Amended Complaint, against Equitable Financial Life Insurance Company, Defendant, and alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. Further, this Court has subject matter jurisdiction over Defendant because it conducts business in the State of Texas and has purposefully availed itself of the benefits of conducting business with Plaintiff and others doing business in Texas, and the causes of action set forth herein arise from and are related to Defendant's activities in the State of Texas.

2. At all times relevant to this action, Defendant, either directly or indirectly, engaged

in the business of marketing, promoting, distributing, selling, and serving insurance policies, within the State of Texas, with a reasonable expectation that the policies would be used or consumed in this state, and thus regularly solicited or transacted business in this state.

3. Defendant engaged in substantial business activities in the State of Texas. At all relevant times, Defendant transacted, solicited, and conducted business in the State of Texas through its employees, agents and/or sales representatives and derived substantial revenue from such business in Texas.

4. Venue in the San Antonio Division of the United States District Court for the Western District of Texas is proper pursuant to U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this district.

## II.

## PARTIES

5. Plaintiff, TuYo Holdings, LLC is a Texas limited liability company with its principal place of business located at 616 E. Blanco Rd., Suite 202B, Boerne, Texas 78006.

6. Equitable Financial Life Insurance Company is a New York corporation doing business in Texas and having an address of 1290 Avenue of the Americas, New York, NY 10104 and a phone number of (212) 554-1234. Equitable Financial Life Insurance Company may be served through its corporate counsel at 1345 Avenue of the Americas, New York, NY 10105. Defendant is expected to waive service.

## III.

## FACTUAL ALLEGATIONS

7. Defendant offers and services life insurance policies, directly or through intermediaries, to individuals. Benito Fernandez qualified for and purchased a universal life insurance policy from Defendant, issued as Policy No. 161212607 having an effective date of

December 8, 2011 (the "Policy"). The Policy has a net death benefit of $10,000,000. This lawsuit arises out of, and in response to, the actions and omissions of Defendant with respect to the Policy; specifically, Defendant's wrongful refusal to reinstate the Policy.

8. In June of 2016, Mr. Fernandez sold all rights to the Policy to a third-party purchaser, Georgia Settlement Group, which in turn transferred all rights to the Policy to Cycladic, LLC. Based on information and belief, Georgia Settlement Group and Cycladic, LLC purchased the Policy based on the promises of Defendant within the Policy and/or paid premiums to Defendant to keep the Policy in force. These actions were taken with the expectation that Defendant would abide by the terms of the Policy.

9. Later in 2016, Policy Services, Inc., ("Policy Services") purchased all rights to the Policy from Cycladic, LLC. Policy Services, based in San Antonio, Texas, notified Defendant that it was the new owner of the Policy and updated the address for notification purposes under the Policy. Defendant acknowledged Policy Service's San Antonio office as the new address for the owner of the Policy and directed correspondence to the San Antonio address. Policy Services paid premiums to Defendant, which it accepted, with the expectation that Defendant would abide by the terms of the Policy and the promises it made therein.

10. On March 15, 2022, TuYo Holdings, LLC, ("TuYo") Plaintiff in this matter, entered into a purchase and sale agreement with Policy Services, Inc.'s Chapter 7 Trustee to acquire all right, title and interest, to include legal remedies, in the Policy. On April 12, 2022, United States Bankruptcy Judge Michael Parker of the Western District of Texas entered an order approving the purchase and sale agreement.

11. Plaintiff, as assignee, has all rights to the Policy that Mr. Fernandez, Georgia Settlement Group, Cycladic, LLC, and Policy Services had against Defendant including all causes of action.

12. Upon information and belief, the Policy entered a grace period on June 8, 2020 with Defendant stating a minimum premium payment of $129,980 needed to be received by October 7, and if such payment is not received, the Policy was set to terminate without value. Upon information and belief, on October 1, Policy Services delivered to Defendant a written request for extension of the grace period in order to make the necessary premium payment to keep the Policy in force. Defendant failed to respond to this request in any manner, and on October 15, Defendant delivered a notice of lapse stating the Policy had lapsed for nonpayment of premiums (the "Lapse Notice"). The Policy provides restoration of a lapsed policy so long as the Policy is requested to be restored within 5 years from the end of the grace period, evidence of the insured's insurability is provided satisfactory to Defendant, and a payment covering three months of monthly deductions and premium charge. Defendant subsequently alleged to Policy Services in a letter dated December 17 that the incorrect form had been filled out by Policy Services. On January 25, 2021, Policy Services conducted a teleconference with Defendant regarding the reinstatement. Defendant followed the phone call with a fax identifying $86,841 was necessary to reinstate the Policy and that the Reinstatement Application must be received by February 15, 2021. On the same day, Policy Services submitted the corrected reinstatement paperwork as requested by Defendant on the teleconference and in its fax. In the same correspondence, Policy Services also requested an illustration to determine premiums that would become due over the next 24 months. Defendant never responded to the illustration request.

17. On February 27, 2021, Defendant delivered a letter to Policy Services requesting Mr. Fernandez to submit to a medical exam. Fernandez immediately submitted to a medical exam and on March 16, 2021, Policy Services delivered to Defendant a letter enclosing signed doctor's reports. As part of the medical exam requested by Defendant, Fernandez complete a test called the "Six Item Cognitive Impairment Test (6CIT)." Fernandez scored a 4, which is considered normal.

Fernandez also answered a Senior Questionnaire in which the examiner, a registered nurse, concluded Fernandez did not "demonstrate any evidence of cognitive impairment." At the time of the examination, Fernandez continued to work as a finance executive, exercised regularly, and routinely traveled to Spain.

18. On April 9, 2021, Defendant delivered to Policy Services a letter denying reinstatement indicating the reinstatement application was "declined due to: Medical." The denial letter went on to state the application was denied "[s]pecifically due to medical history of memory deficit information received from Dr. Gabriel Guardarramas."

19. Defendant claims Fernandez was uninsurable as determined at the time of the reinstatement. Based on information and belief, Defendant routinely accepts and insures individuals with similar medical histories to Fernandez. Defendant's incorrect assessment of Fernandez's insurability, and rejection of Fernandez's evidence of insurability, has resulted in the improper denial of reinstatement of the Policy.

20. Plaintiff is damaged as the Policy is now terminated and Plaintiff may no longer enjoy the benefits of the Policy as bargained for. Additionally, Defendant wrongfully retained all premiums paid related to the Policy.

21. As of the date of this filing, Defendant has failed to reinstate the Policy.

## IV.

## CAUSES OF ACTION

### Count I
### Declaratory Judgment

22. Plaintiff restates and incorporates by reference the allegations set forth in all preceding and forgoing paragraphs as if set forth fully herein.

23. This suit is being brought pursuant to 28 U.S.C. § 2201 which states in relevant part:

> …any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not such relief is or could be sought.

24. Plaintiff seeks a declaratory judgment under the U.S. Declaratory Judgment Act declaring that the Fernandez Policy made the subject of this lawsuit was wrongfully denied reinstatement by Defendant and that Plaintiff is entitled to make payments to bring the Policy current.

25. This is an actual and live controversy exists because the determination of this issue directly affects the Plaintiff's rights and interests under the Fernandez Policy pending an order of this Court.

26. Plaintiff, through this action, seeks to have the Court declare that 1) the Policy was wrongfully denied reinstatement by Defendant; and 2) Plaintiff is entitled to make all payments necessary to bring the Fernandez Policy current and that upon such payments being made that the Fernandez Policy will be in force in accordance with the terms and provisions of the Policy.

### Count II
### Breach of Contract

27. Plaintiff restates and incorporates by reference the allegations set forth in all preceding and forgoing paragraphs as if set forth fully herein.

28. The Policy is a valid, enforceable contract between Plaintiff (through assigns) and Defendant.

29. Plaintiff is a proper party to assert breach of contract against Defendant.

30. Plaintiff has performed its contractual obligations under the Policy.

31. Defendant breached the Policy by failing to reinstate the Policy when it was required for Defendant to do so.

32. Defendant's breach has caused injury and damages to Plaintiff.

## V.

## CONDITIONS PRECEDENT

33. Plaintiff contends and asserts that it has complied with and performed all conditions precedent necessary to pursue these claims and requests for recovery, if any such preconditions exist.

## VI.

## ATTORNEY'S FEES

34. As a result of the Defendant's conduct, Plaintiff was required to retain legal counsel and now seeks its reasonable and necessary legal fees and expenses pursuant to Tex. Civ. Prac. & Rem. Code § 37.009.

## VII.

## DEMAND FOR JURY

35. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby requests a trial by jury of all issues of fact in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, TuYo Holdings, LLC prays that this Court set this matter for trial and after adequate notice to Defendant:

1. Compensatory damages in excess of the jurisdictional amount, including but not limited to, non-economic damages in excess of $75,000.

2. Enter judgment against Defendant, on all claims for declaratory relief including, but not limited to a determination that
    a. the Policy was wrongfully denied reinstatement by Defendant; and
    b. Plaintiff is entitled to make all payments necessary to bring the Fernandez Policy current and that upon such payments being made that the Fernandez Policy will be in force in accordance with the terms and provisions of the Policy contract.

3. Order Defendant to comply with the Policy and reinstate the Policy upon payment of premiums or alternatively award Plaintiff actual damages;

4. Award Plaintiff all reasonable and necessary attorneys' fees, expenses, and costs incurred in this litigation;

5. Pre-Judgment Interest at the highest lawful rate allowed by law;

6. Post judgment Interest on the judgment at the highest legal rate from the date of judgment until collected;

7. Further grant Plaintiff TuYo Holdings, LLC such other and further relief, both in law and equity, to which it may show itself justly entitled.

Respectfully Submitted,

**BROCK UPHAM YOST**
**& STRIEBER, PLLC**
616 E. Blanco, Suite 202B
Boerne, Texas 78006
Telephone:   830-816-9033
Facsimile:   830-584-0774

By:   /s/ Jason E. McKinnie
       GREGORY B. YOST
       State Bar No. 24082391
       Email: greg@buys-law.com
       LES J. STRIEBER
       State Bar No. 19398000
       Email: les@buys-law.com

**MCKINNIE & PAUL, PLLC**
8610 North New Braunfels,
Suite 320
San Antonio, Texas 78217
Telephone:   210-247-2220
JASON E. MCKINNIE
State Bar No. 24070247
Email: jmckinnie@mckinniepaul.com

**ATTORNEYS FOR PLAINTIFF**
**TUYO HOLDINGS, LLC**