UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

TUYO HOLDINGS, LLC, and JOHN
PATRICK LOWE, CHAPTER 7
TRUSTEE FOR THE BANKRUPTCY
ESTATE OF POLICY SERVICES,
LLC,

    *Plaintiffs*,

v.

EQUITABLE FINANCIAL LIFE IN-
SURANCE COMPANY,

    *Defendant*.

Case No.  SA-24-CV-00850-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Equitable Financial Life Insurance Company's (Equitable Financial) Motion to Dismiss. *ECF Nos. 46,52*. Plaintiffs TuYo Holdings, LLC ("TuYo") and John Patrick Lowe, Chapter 7 Trustee for the Bankruptcy Estate of Policy Services, Inc. ("PSI Trustee") (collectively "TuYo Holdings") responded. *ECF No. 51*. Upon consideration, the Motion is **GRANTED IN PART and DENIED IN PART**. The Court dismisses the causes of action for violation of the Texas Insurance Code § 541 and violation of the Deceptive Trade Practices Act.

### Undisputed Factual Background

This case arises from a life insurance policy (the Policy) provided by Equitable Financial insuring the life of Benito Fernandez. *ECF No. 44*.  Mr. Fernandez sold all rights to the Policy to a third-party purchaser, Georgia Settlement Group, which in turn transferred all rights to Cyclad-

ic, LLC. In 2016, Policy Services, Inc., (PSI) purchased all rights to the Policy, notified Equitable Financial that it was the new owner of the Policy, and updated the address for notification purposes under the Policy. Thereafter, Equitable Financial directed correspondence to PSI, and PSI paid premiums to Equitable Financial. *ECF No. 44*.

On June 8, 2020, Equitable Financial sent a letter titled, "Notice of Policy Lapse," to PSI "indicat[ing] that the net policy account value in your policy is not sufficient to cover your monthly deductions which were to have been deducted on June 8, 2020." The "Notice of Policy Lapse," stated, "[t]herefore, as outlined in your policy, we are requesting a minimum payment of $129,980.00. If this amount is not received at our Service Center on or before October 7, 2020, your policy will terminate without value." PSI submitted a written request for an extension to pay the "large" premium; however, Equitable Financial did not respond to this request. After PSI did not make any payment, on October 15, 2020, Equitable Financial sent PSI a "Notice of Policy Termination," stating the Policy terminated and "[t]o request reinstatement of this policy, the enclosed application for reinstatement must be completed, signed as indicated, and returned to our office within 60 days of the date of this letter. If we approve your application for reinstatement, you will be notified of the amount you will need to send us to complete the reinstatement of this policy." *Id*.

On December 4, 2020, PSI sent the completed "AMIRA-2006NY form", signed by Mr. Fernandez, which answered questions concerning medical history and financing. Equitable Financial received the completed "AMIRA-2006NY form" timely on December 7, 2020. On December 17, 2020, Equitable Financial sent a letter to PSI, acknowledging receipt of PSI's reinstatement request and the AMIRA-2006NY form, but indicating PSI submitted the wrong form. Equitable Financial informed PSI the AMICA -2006 form and a HIPAA release should be com-

pleted and returned by January 7, 2021. On December 29, 2020, PSI returned the "AMICA-2006 form" and the signed HIPAA release by Mr. Fernandez. On January 6, 2021, Equitable Financial sent another letter stating PSI failed to answer questions C1-C5 of Section I. For this reason, Equitable Financial rejected the completed the AMICA-2006 and required the information to be submitted by January 27, 2021. *ECF No. 44*.

On January 25, 2021, the parties engaged in a teleconference. Equitable Financial followed the phone call with a fax stating the Policy had been lapsed for over 61 days which meant reinstatement of the Policy required the completed AMICA-2006 Form and HIPAA release form. Equitable Financial stated the forms must be received by February 15, 2021. In the same fax, Equitable Financial indicated $86,841 would be necessary to reinstate the Policy but did not provide a deadline. On the same day, PSI submitted the corrected reinstatement paperwork as requested by the fax letter, which included the answers to questions C1-C5 of section 1. In the same correspondence, PSI asked where to send the premium and requested explanation of premiums that would become due over the next 24 months. *Id*.

Equitable Financial did not respond to these requests. On February 27, 2021, Equitable Financial sent a letter to PSI requesting that Mr. Fernandez submit to a medical exam and requesting files from Mr. Fernandez's most recent check up with Dr. Guardarramas. PSI presented Mr. Fernandez for a medical exam and delivered his signed doctor's reports. On April 9, 2021, Equitable Financial delivered to PSI a letter denying reinstatement indicating the reinstatement application was "declined due to: Medical," and "[s]pecifically due to medical history of memory deficit information received from Dr. Gabriel Guardarramas." *Id*.

At some point thereafter, PSI entered bankruptcy proceedings. On March 15, 2022, TuYo entered into a purchase and sale agreement with the PSI Bankruptcy Trustee, Patrick Lowe, to

acquire all rights to the Policy, and the Bankruptcy Court approved the sale. Together, TuYo and Patrick Lowe as Trustee (TuYo Holdings) filed this suit on August 2, 2024, asserting causes of action for: (1) breach of contract based upon Equitable Financial's failure to reinstate the Policy; (2) deceptive insurance practices in violation of Texas Insurance Code § 541.151(1); (3) violation of the Deceptive Trade Practices Act; and (4) seeking declaratory judgment stating, "the Policy made the subject of this lawsuit was wrongfully denied reinstatement by Defendant and that Plaintiff TuYo is entitled to make payments to bring the Policy current." *ECF No. 44*. Equitable Financial now files this Partial Motion to Dismiss the causes of action for breach of contract, violation of the DTPA, and deceptive insurance practices in violation of the Texas Insurance Code pursuant to Federal Rule 12(b)(6). *ECF No. 46.*

**Legal Standard**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

4

entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F.Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones*, 188 F.3d at 324).

A complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## Discussion

### A.  Breach of Contract

Equitable Financial seeks to dismiss the breach of contract cause of action. Equitable Financial argues the statute of limitations expired by the time TuYo Holdings added this cause of action in the Second Amended Complaint. Equitable Financial also argues this cause of action is not plausible because TuYo Holdings admits it is based upon Equitable Financial's "internal guidelines," not any specific contract provision.

### 1.  Statute of Limitations

Generally, the statute of limitations analysis and determination of when a cause of action accrues is a question of law governed by state law. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.,* 348 S.W.3d 194, 202 (Tex. 2011); *Cypress/Spanish Ft. I, L.P. v. Prof. Serv. Indus., Inc.,* 814 F.Supp.2d 698, 708 (N.D.Tex. 2011). A cause of action accrues, and the statute of limitations begins to run, "when facts come into existence that authorize a claimant to seek a judicial remedy." *Exxon Corp.,* 348 S.W.3d at 202. A breach of contract cause of action accrues when the subject contract is breached, and the statute of limitations is four years from this date. Tex. Civ. Prac. & Rem.Code Ann. § 16.051; *Stine v. Stewart,* 80 S.W.3d 586, 592 (Tex. 2002); *Bell v. Philadelphia Intern. Records*, 981 F.Supp.2d 621, 625 (S.D. Tex. 2013).

Under these facts, although PSI submitted three applications for reinstatement on December 4, 2020, December 29, 2024, and January 25, 2021, Equitable Financial conclusively denied reinstatement on April 9, 2021, when it sent the Denial of Reinstatement Letter. Thus, any alleged breach of the insurance contract occurred and accrued on April 9, 2021, when Equitable

Financial denied reinstatement. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.051; *Stine,* 80 S.W.3d at 592. TuYo Holdings filed suit on August 2, 2024, alleging Equitable Financial breached the insurance contract because PSI provided the required satisfactory evidence of Mr. Fernandez's insurability, and Equitable failed to reinstate according to the Policy terms. *ECF No. 1*. Thus, TuYo Holdings filed suit on the breach-of-contract cause of action within the four-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.051.

Equitable Financial argues TuYo Holdings added an additional bases for the breach of contract cause of action when it filed the Second Amended Complaint on January 20, 2026, and this additional cause of action is time-barred. *See ECF No. 44, 46*. This argument is without merit.

In the Original Complaint, TuYo Holdings asserts a cause of action for breach of contract because Equitable Financial "breached the Policy by failing to reinstate the Policy when it was required . . . to do so." *ECF No. 1, p. 6*. In the Second Amended Complaint, TuYo Holdings asserts a cause of action for breach of contract because Equitable Financial "breached the Policy by failing to apply Defendant's own evidence of insurability to reinstate the Policy when it was required for Defendant to do so based on the evidence of insurability PSI submitted." *ECF No. 44, p. 10*. TuYo Holdings does include additional chronological and supporting facts in the Second Amended Complaint; however, these additional facts and support do not change the nature of the breach of contract cause of action nor assert an additional, time-barred cause of action. *See ECF No. 44, pars. 14, 25-27, 39-41*.

Equitable Financial's Motion to Dismiss the breach of contract cause of action based upon expiration of the statute of limitations will be denied.

### 2. Viability of Cause of Action

7

Equitable Financial contends the breach of contract cause of action based upon its failure to reinstate the Policy is not viable because TuYo Holdings relies upon Equitable Financial's internal "reinstatement guidelines" to establish breach, rather than actual Policy provisions. In doing so, Equitable Financial contends TuYo Holdings attempts to convert Equitable Financial's internal guidelines into binding contractual obligations.

To assert a plausible breach of contract cause of action, a plaintiff must assert facts to support the elements: (1) a valid contract exists between the plaintiff and the defendant, (2) performance or tender of performance by the plaintiff, (3) breach by the defendant, and (4) damage to the plaintiff as a result of the breach. *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 858 (5th Cir. 2014). While litigants should, when possible, identify specific contractual provisions alleged to have been breached, Federal Rule 8 does not require that level of granularity. *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021). Accordingly, even though state law controls the merits of a cause of action, federal pleading standards apply to determine the sufficiency of a breach of contract cause of action. *Id.*; *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200–01 (5th Cir. 2016).

To the extent Equitable Financial contends TuYo Holdings failed to adequately plead a breach of contract cause of action because it failed to specify the Policy provisions breached, this argument is unavailing. Federal pleading standards do not require TuYo Holdings to plead the specific breached provision but requires that it plead sufficient facts upon which the opposing party may ascertain the provisions at issue. *See Sanchez Oil & Gas Corp.*, 7 F.4th at 309; *Lagarde Ltd. v. Fed. Express Corp.*, No. CV 25-1412, 2025 WL 2337133, at *2–3 (E.D. La. Aug. 13, 2025).

8

In the Second Amended Complaint, TuYo Holdings asserts:

*The Policy provides restoration of a lapsed policy so long as the Policy is requested to be restored within 5 years from the end of the grace period, evidence of the insured's insurability is provided satisfactory to Defendant, and a payment covering three months of monthly deductions and premium charge. . . .*

On April 9, 2021, Defendant delivered to Policy Services a letter denying reinstatement indicating the reinstatement application was "declined due to: Medical." The denial letter went on to state the application was denied "[s]pecifically due to medical history of memory deficit information received from Dr. Gabriel Guardarramas…."

Based on information and belief, Defendant routinely accepts and insures individuals with similar medical histories to Fernandez. Defendant's incorrect assessment of Fernandez's insurability, and rejection of Fernandez's evidence of insurability, resulted in the improper denial of reinstatement of the Policy.

*ECF No. 44. pars. 14, 23, 24* (emphasis added).

Though not ideal, this pleading is sufficient to provide Equitable Financial notice of the Policy provisions at issue and to give Equitable Financial "fair notice of what the ... claim is and the grounds upon which it rests.'" *See Sanchez Oil & Gas Corp.*, 7 F.4th at 309 (quoting *Twombly*, 550 U.S. at 555).

In addition, to the extent Equitable Financial contends the breach of contract cause of action should be dismissed because TuYo Holdings relies solely upon Equitable Financial's internal guidelines, rather than provisions of the Policy as support, this argument also fails. Although TuYo Holdings does not provide citation to the specific Policy provision violated, accepted as true and viewed in the light most favorable to TuYo Holdings, these cited allegations are sufficient to provide notice to Equitable Financial of the Policy provisions violated and provide notice of the terms of the Policy upon which it bases the cause of action for breach of contract. *See Sanchez Oil & Gas Corp.*, 7 F.4th at 309. As plead, TuYo Holdings does not, as Equitable Fi-

9

nancial alleges, rely solely upon Equitable Financial's internal guidelines to support this cause of action.

For this reason, Equitable Financial's Motion to Dismiss the breach of contract cause of action based upon insufficient pleading will be denied.

### B.  DTPA and Texas Insurance Code § 541

### 1.  Statute of Limitations Time Bar

Equitable Financial seeks dismissal of the causes of action for violation of the DTPA and the Texas Insurance Code, what it refers to collectively as "the statutory claims," because these causes of action are time barred by expiration of the statute of limitations.

TuYo Holdings responds that while Equitable Financial's "Notice of Lapse Letter" dated June 8, 2020, is a part of the alleged fraudulent scheme forming the foundation of these causes of action, Equitable Financial's "tortious behavior into late 2020 and into 2021" by "continually moving deadlines, providing wrong forms, and failing to accept forms it sent" "were done to push the time limits, identified in the Reinstatement Guidelines, to require Mr. Fernandez to undergo full medical underwriting." Thus, TuYo Holdings contends the causes of action did not accrue on June 8, 2020, when Equitable Financial sent the "Notice of Lapse Letter," as it contends, but accrued on June 3, 2025, when Equitable Financial produced its Reinstatement Guidelines, making the fraudulent nature of its representations discoverable. TuYo Holdings contends only this discovery of Equitable Financial's Reinstatement Guidelines demonstrates the deceptive and false nature of its statements to PSI. Therefore, TuYo Holdings contends this cause of

10

action accrued, and the statute of limitations began to run, upon this first opportunity for discovery of the basis of this cause of action, June 3, 2025.

Any cause of action for violation of the DTPA or the Texas Insurance Code must be filed within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice. Tex. Bus. & Com. Code Ann. § 17.565; Tex. Ins. Code Ann. § 541.162.

First, in making these arguments, TuYo Holdings relies on the premise that accrual of the cause of action began when *it* discovered, or reasonably should have discovered, the alleged deceptive nature of Equitable Financial's statements, rather than when PSI discovered or reasonably should have discovered the deceptive nature – or TuYo Holdings attempts to argue PSI reasonably could not have discovered the deceptive nature of Equitable Financial's statements until the in-litigation production of the Reinstatement Guidelines.

For the sake of determination of this Motion to Dismiss, this Court presumes all factual allegations to be true and will construe all facts in the light most favorable to TuYo Holdings. Because TuYo purchased all rights to the Policy within the bankruptcy proceedings, the parties do not dispute TuYo Holdings stands in the place of PSI and holds all rights and obligations of PSI within the Policy. Consequently, this cause of action accrued when PSI knew or should have known of the deceptive nature of Equitable Financial's statements, not when TuYo Holdings discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice.

Based upon the facts as alleged, and construing all facts in light most favorable to TuYo Holdings, PSI knew, or should have known, or in the exercise of reasonable diligence should

11

have discovered, Equitable Financial's alleged false, misleading, or deceptive statements forming the basis of these causes of action for violation of Texas Insurance Code Chapter 541 and the DTPA by April 9, 2021, when Equitable Financial issued the letter denying reinstatement of the Policy. PSI filed suit on August 2, 2025, more than two years later. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Therefore, the causes of action of violation of the DTPA and the Texas Insurance Code § 541 will be dismissed as time-barred by the applicable statutes of limitation.

### 2.  Other Arguments for Dismissal

Because the Court finds these causes of action were filed after the applicable statute of limitations expired, it will not address Equitable Financial's other arguments for dismissal based upon inadequate pleading or failure to state a claim pursuant to Federal Rule 12(b)(6).

### Conclusion

For the reasons stated, Equitable Financial's Partial Motion to Dismiss (*ECF No. 46*) is **GRANTED IN PART and DENIED IN PART**. The Court dismisses the causes of action for violation of the Texas Insurance Code § 541 and violation of the Deceptive Trade Practices Act.

It is so ORDERED.
SIGNED this 13th day of May, 2026.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

12